IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| MARK GREEN, | § | |
|     Petitioner, | § | |
| | § | |
| V. | § | A-14-CA-182-LY |
| | § | |
| WILLIAM STEPHENS, Director, | § | |
| Texas Dept. of | § | |
| Criminal Justice-Correctional | § | |
| Institutions Division, | § | |
|     Respondent. | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

TO:   THE HONORABLE LEE YEAKEL
       UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(e) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates, as amended, effective December 1, 2002.

Before the Court are Petitioner's Application for Habeas Corpus Relief under 28 U.S.C. § 2254 (Document 1); Respondent's Answer (Document 15); and Petitioner's response thereto (Document 20). Petitioner, proceeding pro se, has been granted leave to proceed in forma pauperis. For the reasons set forth below, the undersigned finds that Petitioner's application for writ of habeas corpus should be denied.

## STATEMENT OF THE CASE

A.    **Petitioner's Criminal History**

According to Respondent, the Director has lawful and valid custody of Petitioner pursuant to a judgment and sentence of the 299th Judicial District Court of Travis County, Texas, in cause number D-1-DC-10-904077. Petitioner was charged with evading arrest with four prior convictions for evading arrest. The indictment also contained four enhancement paragraphs alleging four prior felony convictions. A jury found Petitioner guilty and determined the enhancement paragraphs were true. On September 20, 2010, pursuant to the jury's punishment verdict, the trial court sentenced Petitioner to six years' imprisonment.[1]

After having his appeal dismissed, Petitioner was granted permission to file an out-of-time appeal. On December 6, 2012, the Third Court of Appeals modified Petitioner's judgment to correct certain errors and affirmed his conviction. Green v. State, No. 03-12-00225-CR, 2012 WL 6097308 (Tex. App. – Austin 2012, pet. ref'd). The Texas Court of Criminal Appeals refused Petitioner's petition for discretionary review on June 12, 2013.

Petitioner also challenged his conviction in several state applications for habeas corpus relief. The first was dismissed as prematurely filed. Ex parte Green, No. 75,739-01. The second resulted in Petitioner's out-of-time appeal. Id. at -02. The third was dismissed as prematurely filed. Id. at -03. The fourth was voluntarily dismissed. Id. at -04. The fifth was denied by the Texas Court of Criminal Appeals without written order on December 18, 2013. Id. at -05.

---

[1] Cause number D-1-DC-10-904077 was a re-indictment of cause number D-1-DC-10-907317 after Petitioner's trial in D-1-DC-10-907317 ended in a mistrial due to a hung jury.

B.  **Petitioner's Grounds for Relief**

Petitioner raises the following grounds for relief:

1. The trial court lacked jurisdiction because the indictment omitted a material element of the offense;

2. The indictment was illegally amended and the amendment deprived him of proper notice to prepare a defense;

3. His appellate attorneys rendered ineffective assistance by failing to obtain the transcripts and raise issues concerning the jury instructions, the motion to quash, and the motion to shuffle;

4. The final judgment is defective because it lists the wrong section of the statute he violated;

5. The trial court erred by denying his motion in limine;

6. The trial court erred by denying his motion to quash;

7. The trial court erred and deprived the court of jurisdiction by allowing the indictment to be altered;

8. The trial court erred by denying his motion to shuffle the jury panel;

9. The jury instructions did not address the correct offense;

10. His conviction constitutes double jeopardy; and

11. The trial court erred by granting the State's motion to quash.[2]

C.  **Exhaustion of State Court Remedies**

Respondent does not contest that Petitioner has exhausted his state court remedies regarding the claims brought in this application with the exception of claims 8, 9, and 11. Respondent argues the unexhausted claims are procedurally barred.

---

[2] Petitioner mistakenly refers to the State's motion to dismiss as a motion to quash.

## DISCUSSION AND ANALYSIS

A. **Unexhausted Claims**

Respondent contends Petitioner has not exhausted his state court remedies with respect to claims 8, 9, and 11 and argues those claims are procedurally defaulted. The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the highest state court. Fisher v. Texas, 169 F.3d 295, 302 (5th Cir. 1999); see also Picard v. Connor, 404 U.S. 270, 275 (1971).

As explained by the Fifth Circuit:

> A claim is fairly presented when the petitioner "asserts the claim in terms so particular as to call to mind a specific right protected by the Constitution or alleges a pattern of facts that is well within the mainstream of constitutional litigation." Kittelson v. Dretke, 426 F.3d 306, 315 (5th Cir. 2005) (per curiam) (internal quotation marks omitted). "It is not enough that all the facts necessary to support the federal claim were before the state courts or that a somewhat similar state-law claim was made." Wilder v. Cockrell, 274 F.3d 255, 259 (5th Cir. 2001) (quoting Anderson v. Harless, 459 U.S. 4, 6 (1982)); see also Duncan v. Henry, 513 U.S. 364, 366 (1995) (per curiam) (holding that petitioner did not fairly present federal due process claim by bringing a "somewhat similar" but doctrinally distinct "miscarriage of justice" claim under the California Constitution); Gartrell v. Lynaugh, 833 F.2d 527, 529 (5th Cir. 1987) (holding that petition presenting state-law sufficiency challenge fairly presented a federal sufficiency challenge because "the federal and state standards applicable to [petitioner]'s claims are identical, not merely 'somewhat similar'"). "Rather, the petitioner must afford the state court a 'fair opportunity to apply controlling legal principles to the facts bearing upon his constitutional claim.'" Bagwell v. Dretke, 372 F.3d 748, 755 (5th Cir. 2004) (quoting Anderson, 459 U.S. at 6).

Johnson v. Cain, 712 F.3d 227, 231 (5th Cir. 2013).

Although Petitioner's state and federal applications for habeas corpus relief are not models of clarity, it appears Petitioner did not raise claims 8, 9, and 11 in his state application for habeas corpus relief. Petitioner's unexhausted claims are now procedurally barred. A subsequent state

application for habeas corpus on Petitioner's unexhausted issues would be futile as it would be dismissed pursuant to TEX. CODE CRIM. PROC. ANN. art. 11.07, § 4 as an abuse of the writ. When a state court decision rests on a state law ground that is independent of a federal question and adequate to support the judgment, federal courts lack jurisdiction to review the merits of the case. Coleman v. Thompson, 501 U.S. 722, 729 (1991). In order for a claim of procedural default to preclude federal review of a habeas petitioner's claim, the last state court issuing a reasoned decision must have clearly and unequivocally relied upon the procedural default as an independent and adequate ground for denying relief. Harris v. Reed, 489 U.S. 255, 262 (1989). Additionally, even though a claim has not been reviewed by the state courts, this Court may find that claim to be procedurally barred. Coleman, 501 U.S. at 735. The general rule that a state court must explicitly apply a procedural bar to preclude federal review does not apply to those cases where a petitioner has failed to exhaust his state court remedies and the state court to which he would be required to present his unexhausted claims would now find those claims to be procedurally barred. Id. at n.1. However, a petitioner can still obtain federal habeas review on a claim denied by the state court on the grounds of procedural default if he can show cause and actual prejudice for his procedural default or that a failure to address the merits of the federal claim would result in a miscarriage of justice. Moore v. Roberts, 83 F.3d 699, 702 (5th Cir. 1996), citing Coleman, 501 U.S. at 750, cert. denied, 519 U.S. 1093 (1997).

Petitioner has failed to show cause and actual prejudice for his procedural default and has made no showing that a failure to address the merits of the federal claims would result in a miscarriage of justice. Therefore, Petitioner is barred from raising his unexhausted claims.

**B.**     **The Antiterrorism and Effective Death Penalty Act of 1996**

As explained below, Petitioner's remaining claims are without merit. The Supreme Court has summarized the basic principles that have grown out of the Court's many cases interpreting the 1996 Antiterrorism and Effective Death Penalty Act. See Harrington v. Richter, – U.S. –, 131 S. Ct. 770, 783-85 (2011). The Court noted that the starting point for any federal court in reviewing a state conviction is 28 U.S.C. § 2254, which states in part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> (1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The Court noted that "[b]y its terms § 2254(d) bars relitigation of any claim 'adjudicated on the merits' in state court, subject only to the exceptions in §§ 2254(d)(1) and (d)(2)." Harrington, 131 S. Ct. at 784.

One of the issues Harrington resolved was "whether § 2254(d) applies when a state court's order is unaccompanied by an opinion explaining the reasons relief has been denied." Id. Following all of the Courts of Appeals' decisions on this question, Harrington concluded that the deference due a state court decision under § 2554(d) "does not require that there be an opinion from the state court explaining the state court's reasoning." Id. (citations omitted). The Court noted that it had previously concluded that "a state court need not cite nor even be aware of our cases under

§ 2254(d)." Id. (citing Early v. Packer, 537 U.S. 3, 8 (2002) (per curiam)). When there is no explanation with a state court decision, the habeas petitioner's burden is to show there was "no reasonable basis for the state court to deny relief." Id. And even when a state court fails to state which of the elements in a multi-part claim it found insufficient, deference is still due to that decision, because "§ 2254(d) applies when a 'claim,' not a component of one, has been adjudicated." Id.

As Harrington noted, § 2254(d) permits the granting of federal habeas relief in only three circumstances: (1) when the earlier state court's decision "was contrary to" federal law then clearly established in the holdings of the Supreme Court; (2) when the earlier decision "involved an unreasonable application of" such law; or (3) when the decision "was based on an unreasonable determination of the facts" in light of the record before the state court. Id. at 785 (citing 28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362, 412 (2000)). The "contrary to" requirement "refers to the holdings, as opposed to the dicta, of . . . [the Supreme Court's] decisions as of the time of the relevant state-court decision." Dowthitt v. Johnson, 230 F.3d 733, 740 (5th Cir. 2000) (quotation and citation omitted).

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by . . . [the Supreme Court] on a question of law or if the state court decides a case differently than . . . [the Supreme Court] has on a set of materially indistinguishable facts.

Id. at 740-41 (quotation and citation omitted). Under the "unreasonable application" clause of § 2254(d)(1), a federal court may grant the writ "if the state court identifies the correct governing legal principle from . . . [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. at 741 (quotation and citation omitted). The provisions of

§ 2254(d)(2), which allow the granting of federal habeas relief when the state court made an "unreasonable determination of the facts," are limited by the terms of the next section of the statute, § 2254(e). That section states that a federal court must presume state court fact determinations to be correct, though a petitioner can rebut that presumption by clear and convincing evidence. See 28 U.S.C. § 2254(e)(1). But absent such a showing, the federal court must give deference to the state court's fact findings. Id.

**C.    Insufficient Indictment**

Petitioner contends the omission in an indictment of a material element of an offense is a jurisdictional defect and will not sustain a conviction. Respondent counters that Petitioner's claim is without merit.

"The sufficiency of a state indictment is not a matter for federal habeas relief unless it can be shown that the indictment is so defective that it deprives the state court of jurisdiction." McKay v. Collins, 12 F.3d 66, 68 (5th Cir.), cert. denied, 553 U.S. 854 (1994); Yohey v. Collins, 985 F.2d 222, 229 (5th Cir. 1993). "For an indictment to be 'fatally defective,' no circumstances can exist under which a valid conviction could result from facts provable under the indictment." Morlett v. Lynaugh, 851 F.2d 1521, 1523 (5th Cir. 1988), cert. denied, 489 U.S. 1086 (1989). State law determines whether an indictment is sufficient to vest jurisdiction in the state trial court. Williams v. Collins, 16 F.3d 626, 637 (5th Cir.), cert. denied, 512 U.S. 1289 (1994). However, consideration of the sufficiency of an indictment is foreclosed in federal proceedings if the state's highest court has determined that the indictment is sufficient. Yohey, 985 F.2d at 229; Morlett, 851 F.2d at 1523.

In the present case, Petitioner raised the insufficient indictment claim in his state application for habeas corpus review. The Texas Court of Criminal Appeals denied Petitioner's application

8

without written order. The Texas Court of Criminal Appeals in declining to grant relief has necessarily, though not expressly, held that the Texas courts have jurisdiction and that the indictment is sufficient for that purpose. McKay, 12 F.3d at 68 (citing Alexander v. McCotter, 775 F.2d 595, 599 (5th Cir. 1985)). Accordingly, this Court is precluded from finding that the indictment was so defective that it divested the state trial court of jurisdiction.

**D.    Amended Indictment**

The indictment in cause number D-1-DC-10-904077 originally charged:

> [O]n or about the 27th day of May 2010, and before the presentment of this indictment, in the County of Travis, and State of Texas, did then and there, while using a vehicle, intentionally flee from Christopher Sablotne, a person the said Mark Green knew was a peace officer who was attempting lawfully to arrest or detain the said Mark Green.

The indictment was amended by deleting "while using a vehicle." Petitioner contends, when the judge deleted the element of vehicle, he was deprived proper notice to prepare a defense.

The Fifth Circuit has recognized that "[d]ue process requires that a criminal defendant have notice of the charges against him so he can be prepared to defend himself at trial." Ables v. Scott, 73 F.3d 591, 593 (5th Cir. 1996). Petitioner's allegations do not amount to a due process violation.

In a pretrial hearing before Petitioner's second trial, defense counsel supported the deletion of the vehicle language from the indictment. 3 RR 4-5. In addition, Petitioner was not deprived of notice to prepare a defense, as his counsel was the same counsel who defended Petitioner in the first trial that resulted in a mistrial. Defense counsel had previously requested a continuance of the trial, but withdrew the motion at the pretrial hearing. 3 RR 6. Accordingly, Petitioner has not shown that the state court's denial of this claim on habeas review was contrary to, or involved an unreasonable application of, clearly established Federal law.

9

### E.   Ineffective Assistance of Appellate Counsel

In his next ground for relief, Petitioner argues his appellate attorneys were ineffective by failing to obtain the transcripts and raise issues concerning the jury instructions, the motion to quash, and the motion to shuffle.

Petitioner's court-appointed attorney filed a motion to withdraw supported by a brief concluding that Petitioner's appeal was frivolous and without merit. The Third Court of Appeals determined the brief met the requirements of Anders v. California by presenting a professional evaluation of the record demonstrating why there were no arguable grounds to be advanced. Green v. State, No. 03-12-00225-CR, 2012 WL 6097308 (Tex. App. – Austin 2012, pet. ref'd) (citing Anders v. California, 386 U.S. 738, 744 (1967); Garner v. State, 300 S.W.3d 763, 766 (Tex. Crim. App. 2009); Penson v. Ohio, 488 U.S. 75 (1988). The court noted Petitioner's counsel provided a copy of the brief to his client and advised Petitioner of his right to examine the appellate record and file a pro se brief. No pro se brief or other written response was filed.

A criminal defendant has a constitutional right to the effective assistance of counsel at trial and on a first appeal as of right. U.S. Const. amend. VI, XIV; Evitts v. Lucey, 469 U.S. 387, 393-95, (1985); Strickland v. Washington, 466 U.S. 668, 688 (1984); Anders v. California, 386 U.S. 738, 744 (1967). An ineffective assistance claim is governed by the familiar standard set forth in Strickland, 466 U.S. at 668. See also Styron v. Johnson, 262 F.3d 438, 450 (5th Cir. 2001) (applying the Strickland standard to ineffective assistance claims against appellate counsel). To establish ineffective assistance of counsel Petitioner must show (1) that counsel's performance fell below an objective standard of reasonableness, and (2) that but for counsel's deficient performance the result of the proceeding would have been different. Strickland, 466 U.S. at 688. To show prejudice, a

petitioner must show that, but for appellate counsel's performance, there is a reasonable probability he would have prevailed on appeal. Smith v. Robbins, 528 U.S. 259, 285 (2000).

Petitioner has not identified any issue which, if raised on appeal, would have resulted in the reasonable probability of Petitioner prevailing on appeal. Having independently reviewed the entire state court record, this Court finds nothing unreasonable in the state court's application of clearly established federal law or in the state court's determination of facts in light of the evidence.

**F.     Final Judgment**

Petitioner next argues his final judgment is defective because it lists the wrong section of the statute he violated. Insofar as Petitioner complains about his judgment, his argument does not furnish a basis for federal habeas relief. Federal habeas corpus relief will not issue to correct errors of state constitutional, statutory, or procedural law, unless a federal issue is also presented. See Estelle v. McGuire, 502 U.S. 62, 67–68, (1991) (holding complaints regarding the admission of evidence under California law did not present grounds for federal habeas relief absent a showing that admission of the evidence in question violated due process); Lewis v. Jeffers, 497 U.S. 764, 780 (1990) (recognizing federal habeas relief will not issue for errors of state law); Pulley v. Harris, 465 U.S. 37, 41 (1984) (holding a federal court may not issue the writ on the basis of a perceived error of state law). In the course of reviewing state criminal convictions in federal habeas corpus proceedings, a federal court does not sit as a super-state appellate court. Estelle v. McGuire, 502 U.S. at 67–68; Lewis v. Jeffers, 497 U.S. at 780; Pulley v. Harris, 465 U.S. at 41. When a federal district court reviews a state prisoner's habeas petition pursuant to 28 U.S.C. § 2254 it must decide whether the petitioner is "in custody in violation of the Constitution or laws or treaties of the United States."

Petitioner's allegation that his final judgment erroneously cites to the wrong section of the Penal Code does not raise a claim for federal habeas review. Moreover, having independently reviewed the entire state court record, this Court finds nothing unreasonable in the state court's application of clearly established federal law or in the state court's determination of facts in light of the evidence.

**G.    Trial Court Error**

Petitioner contends the trial court erred by denying his motion in limine, denying his motion to quash, and allowing the indictment to be altered. As explained above, in conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). A petitioner is thus entitled to federal habeas relief due to trial error only if such error had a substantial and injurious effect or influence on the verdict. Brecht v. Abrahamson, 507 U.S. 619, 637-38, 113 S. Ct. 1710 (1993).

> [U]nder Brecht, a constitutional trial error is not so harmful as to entitle a defendant to habeas relief unless there is more than a mere reasonable possibility that it contributed to the verdict. It must have had a substantial effect or influence in determining the verdict. We recognize, however, that if our minds are "in virtual equipoise as to the harmlessness," under the Brecht standard, of the error, then we must conclude that it was harmful.

Mayabb v. Johnson, 168 F.3d 863, 868 (5th Cir. 1999) (quoting Woods v. Johnson, 75 F.3d 1017, 1026-27 (5th Cir. 1996)). To be entitled to federal habeas relief due to a trial error, petitioner must show the error actually prejudiced him. Brecht, 507 U.S. at 637.

Petitioner has not shown that the trial court actually erred in his case or how the alleged error prejudiced him.[3] Accordingly, the Court finds nothing unreasonable in the state court's application of clearly established federal law or in the state court's determination of facts in light of the evidence, when it denied Petitioner's request for relief.

## H.   Double Jeopardy

Petitioner contends his retrial under a new indictment after a mistrial in his original case due to a hung jury violates the Double Jeopardy Clause. The Double Jeopardy Clause of the Fifth Amendment, which was made applicable to the states through the Fourteenth Amendment in Benton v. Maryland, 395 U.S. 784, 794 (1969), provides that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb." U.S. CONST. AMEND. V. Historically, "[t]he constitutional prohibition against 'double jeopardy' was designed to protect an individual from being subjected to the hazards of trial and possible conviction more than once for an alleged offense." Green v. United States, 355 U.S. 184, 187 (1957). The Supreme Court has recognized that, once a defendant has been placed in jeopardy in the first instance, the Fifth Amendment Double Jeopardy Clause protects against successive prosecutions for the same offense after acquittal or conviction and against multiple criminal punishments for the same offense. See, e.g., North Carolina v. Pearce, 395 U.S. 711, 717 (1969).

In a criminal prosecution involving a jury trial, jeopardy is said to attach for purposes of the Double Jeopardy Clause when the jury is impaneled and sworn. See Crist v. Bretz, 437 U.S. 28, 38 (1978). Once jeopardy has attached, "the protection of the Double Jeopardy Clause by its terms applies only if there has been some event, such as an acquittal, which terminates the original

---

[3] This applies to Petitioner's unexhausted claims as well.

jeopardy." Richardson v. United States, 468 U.S. 317, 325 (1984). In other words, "[i]n the context of a successive prosecution, a defendant's double jeopardy concerns arise only after original jeopardy attaches and terminates." United States v. Garcia, 567 F.3d 721, 730 (5th Cir. 2009) (citing Richardson, 468 U.S. at 325). The Fifth Circuit has observed that there are only three possible "jeopardy terminating events" that would bar a retrial: "(1) an acquittal, (2) a trial court determination of insufficiency leading to a directed verdict of acquittal, and (3) an unreversed determination on direct appeal that there was insufficient evidence to support the conviction." Garcia, 567 F.3d at 730 (quoting Vanderbilt v. Collins, 994 F.2d 189, 195 (5th Cir. 1993)).

The Supreme Court has emphasized that a hung jury is not the equivalent of an acquittal regardless of the sufficiency of the evidence presented at a defendant's first trial. Richardson, 468 U.S. 325–26; see also Yeager v. United States, 557 U.S. 110, 118 (2009) (observing that, "a jury's inability to reach a decision is the kind of 'manifest necessity' that permits the declaration of a mistrial and the continuation of the initial jeopardy that commenced when the jury was impaneled") (citations omitted); Sattazahn v. Pennsylvania, 537 U.S. 101, 109 (2003) (noting that, "[n]ormally, a retrial following a 'hung jury' does not violate the Double Jeopardy Clause"). Thus, the mere declaration of a mistrial based on "the failure of a jury to reach a verdict is not an event which terminates jeopardy." Richardson, 468 U.S. at 325.

Petitioner fails to show that a jeopardy terminating event occurred prior to the second trial in his case. Accordingly, Petitioner has not demonstrated his conviction for evading arrest following a second trial violated the prohibition against successive prosecutions found in the Double Jeopardy Clause. Likewise, Petitioner fails to show that, by rejecting this claim, the state habeas corpus court's decision was contrary to or involved an unreasonable application of clearly established

14

federal law as decided by the United States Supreme Court. Accordingly, Petitioner is not entitled to relief on this issue.

## RECOMMENDATION

It is recommended that Petitioner's application for writ of habeas corpus be denied.

## CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, effective December 1, 2009, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in Slack v. McDaniel, 529 U.S. 473, 484 (2000). In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id. "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id.

In this case, reasonable jurists could not debate the dismissal or denial of the Petitioner's section 2254 petition on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. Miller-El v. Cockrell, 537 U.S. 322, 327 (2003) (citing Slack, 529 U.S. at 484). Accordingly, it is respectfully recommended that the Court shall not issue a certificate of appealability.

## OBJECTIONS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. Battles v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140, 150-153 (1985); Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is

ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

    **SIGNED** on February 25, 2015.

                                                        _____
                                                        MARK LANE
                                                        UNITED STATES MAGISTRATE JUDGE